UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ERNEST HENDERSON,           )
                            )
    Plaintiff,              )
                            )
v.                          )   Case No. 1:20-CV-00004
                            )
STATE OF TENNESSEE *et al.*, )   Judge Mattice/ Steger
                            )
    Defendants.             )

# REPORT AND RECOMMENDATION

## I. Introduction

Ernest Henderson, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court must screen all actions filed by plaintiffs seeking *in forma pauperis* status and dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008). For the reasons stated herein, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

## II. Factual Background

Plaintiff Ernest Henderson alleges he was arrested by the City of Chattanooga Police Department to prevent him from pursuing litigation against the State of Tennessee and

Chattanooga Chief of Police David Roddy. [Doc. 2 at 4]. His allegations are vague and often incoherent, but he appears to have several zones of grievance. First, he alleges he was evicted or removed from Climate Control Storage on Amnicola Highway in Chattanooga, Tennessee. [*Id.* at 8]. He seems to say Chief Roddy encouraged officers to file faulty or inaccurate reports against him on September 1, 2019, and September 7, 2019, to protect Climate Control Storage relative to the eviction or removal. [*Id.* at 9]. On October 21, 2019, Henderson visited the Chattanooga Police Department to request the badge numbers of all officers involved in the incident. [*Id.*]. He claims City Attorney Phillip A. Noblett misdated Henderson's requests for information in an effort to protect Chief Roddy from civil liability. [*Id.* at 9].

Next, he alleges Chief Roddy enlisted library staff to monitor what Henderson was writing "during his use of personal computers within the UTC library." [*Id.* at 8]. Though again unclear, he seems to say library staff saw that he was preparing a legal action against Chief Roddy on November 21, 2019, and reported it. [*Id.*]. He also says Chief Roddy impersonated a woman on a dating website to encourage Henderson to apply for a job with southeastrans.com. [*Id*. at 7].

Henderson was arrested on November 22, 2019. [*Id.* at 4]. The Complaint does not provide details about the incident, but it appears to have involved the removal of Henderson from a Wal-Mart. [*Id.* at 4]. Whatever charges were filed in connection with the arrest were dropped. [*Id*]. Henderson claims Chief Roddy required police officers to file false reports against him, omitting "crucial information," including "the names of the alleged perpetrators sought out by Ernest Henderson in pursuit of justice." [*Id.* at 6]. He maintains Chief Roddy had him arrested because he "did not want Ernest Henderson to beat him to the courthouse." [*Id.* at 8]. He seeks $5 million in damages from the City of Chattanooga and $1.5 million each from Chief Roddy and Phillip Noblett. [*Id.* at 1].

### III. Standard of Review

Generally, the standard to state a claim under 28 U.S.C. § 1915(e)(2) is the same as that required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court accepts all well-pleaded factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, section 1915(e) also requires the Court to dismiss an action that "is frivolous or malicious." 28 U.S.C.A. § 1915(e)(2). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded on other grounds by* 28 U.S.C. § 1915). A complaint is legally frivolous if it presents "indisputably meritless" legal theories and factually frivolous if it relies on "fantastic or delusional" allegations. *Id.* Section 1915(e) thus requires the Court to "ask whether [the] complaint makes an arguable legal claim and is based on rational facts." *Id.* (*citing Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990)).

### IV. Analysis

The Complaint references the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1866, the Tennessee Open Records Act,

numerous decisions of the Supreme Court of the United States, the Tennessee Rules of Civil Procedure, and the Federal Code of Judicial Conduct. Henderson accuses the Defendants of spoliation of evidence, obstruction of justice, procedural due process violations, "acts of violence" against his civil rights, illegal arrest, conspiracy, fraud, withholding evidence, entrapment, and unreasonable search and seizure. Overwhelmingly, he lists causes of action without connecting them to any factual allegations whatsoever. Construed quite liberally in his favor, however, the Complaint appears to raise: (1) a Fourth Amendment false arrest claim; (2) a First Amendment claim related to his ability to file lawsuits without interference; and (3) a Fourth Amendment search and seizure claim based on the purported monitoring of his online and litigation activities. Such claims may only be brought pursuant to 42 U.S.C. § 1983, which requires a plaintiff to set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The factual allegations underpinning Plaintiff's claims are largely frivolous and need not be credited by the Court. "The standard is not whether the district court believes the [plaintiff]—rather, it is whether the facts are rational." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Here, Plaintiff has not alleged rational facts in support of his claims.

As to his false arrest claim, Plaintiff contends, *inter alia*, that the State of Tennessee and the State of Alabama coordinated to falsely arrest him to avoid liability in one or more actions he filed against them. [Doc. 2 at 5]. He claims the State of Tennessee "placed tremendous pressure" on Chattanooga Chief of Police David Roddy "to harass and arrest Ernest Henderson outside of his legal law enforcement jurisdiction." [*Id.* at 7]. According to Henderson, Chief Roddy was

"recruited by the Governor of Tennessee to arrest Ernest Henderson and make him look bad so that the State of Tennessee could avoid the civil tort claim against them filed by Ernest Henderson." [*Id.* at 4]. Henderson alleges Chief Roddy and City Attorney Phillip Noblett encouraged officers to file false and incorrectly dated police reports. [*Id.* at 7]. He says Noblett also misdated Plaintiff's information requests to protect Chief Roddy. [*Id.* at 9]. He alleges one of the officers "wrote the wrong date on his report because of spoliation of evidence through his consciousness of guilt knowing that he was committing an illegal act of violence at the command of his Chief of Police David Roddy who created the events and used the events to base the charges that were later dropped because they knew they were committing illegal acts and dismissed the charges for several reasons." [*Id.* at 10]. These rantings are not the "well-pleaded allegations" that the Court is bound to accept in determining whether Plaintiff has stated a claim. Plaintiff's Fourth Amendment claim for false arrest has no arguable basis in fact and should be dismissed as frivolous.

The false arrest claim also fails because Plaintiff has not alleged an essential element of his claim—the absence of probable cause. *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."). The Complaint says almost nothing about the arrest except that it was false and illegal, and that the charges were later dropped. Similarly, Plaintiff claims officers lied in their police reports, but does not explain what the reports said or how it was false. Henderson has not even provided the "formulaic recitation of a cause of action's elements" that is patently insufficient under *Twombly*, 127 S. Ct. at 1965, instead simply naming causes of action. To the extent Henderson seeks to raise a claim for malicious prosecution, it fails for the same reason. *See Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (lack of probable

cause for criminal prosecution is an element of a malicious prosecution claim). Notably, Plaintiff was not arrested by the State of Tennessee or City Attorney Phillip Noblett, providing a separate basis for dismissal as to these Defendants.

The facts giving rise to Plaintiff's remaining constitutional claims are too fanciful and sparse to permit serious legal analysis. Plaintiff's First Amendment claim and his Fourth Amendment search and seizure claim are both premised on the contention that he was spied on by library staff and tricked on a dating website by the Chief of Police. He offers no facts to support these wild speculations. Neither claim involves any specific allegations against the State of Tennessee or Phillip Noblett.

Finally, though the Complaint makes passing reference to race, Plaintiff does not claim he was arrested or subjected to unequal treatment due to his race. Plaintiff insists Defendants acted in concert, but that their purpose was to prevent him from pursuing litigation against them, not to deprive Plaintiff of equal protection of the laws due to racial or class-based animus. *See Maxwell v. Dodd*, 662 F.3d 418, 422 (6th Cir. 2011) (§ 1985 civil conspiracy claim requires, *inter alia*, a showing that two or more persons conspired for the purpose of depriving the claimant of the equal protection of the laws due to racial or class-based animus).

Even liberally construed, Plaintiff has made no attempt to ground his beliefs in fact and connect the facts to the deprivation of any right guaranteed to him by the Constitution or federal law. While pro se pleadings are held to less stringent standards, the "court is not required to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Moreover, "*pro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). Plaintiff's claims are premised on fatally implausible allegations and are

legally insufficient to state a claim for relief. They should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Finally, the Court notes this is one of three lawsuits filed by Plaintiff in roughly two weeks. One was specifically found to be frivolous, *see* Case No. 1:20-cv-14, and one dismissed for failure to state a claim and lack of subject matter jurisdiction, *see* Case No. 1:19-cv-374. As noted by Magistrate Judge Susan K. Lee, Plaintiff has filed many cases in other federal courts, some of which have likewise been dismissed as frivolous. [*See* Case No. Doc. 1:20-cv-14, Doc. 7 at 4]. Accordingly, District Judge Harry S. Mattice, Jr. referred Plaintiff to Chief Judge Pamela L. Reeves pursuant to SO-18-04 for consideration of whether an injunction on his filing abilities is appropriate. [*Id.*, Doc. 8]. That referral remains pending.

### V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED AS MOOT**.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to Rule 72(b)'s requirements. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).